UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TREVIS CALDWELL, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>) | Criminal No. 02- 41-P-H<br>Civil No.  09-438-P-H |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Trevis Caldwell has filed a motion to vacate pursuant to 28 U.S.C. § 2255 alleging four separate grounds.  He claims that he was incompetent at the time of his plea, that his incarceration at the Bureau of Prisons is a violation of the Eighth Amendment, and that he was the victim of ineffective assistance of counsel for two reasons.  Caldwell appealed his original sentence following his plea of guilty to charges stemming from an armed bank robbery.  See United States v. Caldwell, 358 F.3d 138 (1st Cir. 2004).  His sentence was affirmed in part, but remanded for resentencing on a limited issue of whether his federal sentences should be served consecutively to or concurrently with the state court sentences he was then facing.   Caldwell was resentenced and an amended judgment entered on July 7, 2004.  No further appeal was taken and no timely motion to vacate was filed within the one-year period running from when the judgment became final.  See 28 U.S.C. § 2255(f)(1).

In his 28 U.S.C. § 2255 motion Caldwell claims the reason for his dilatory filing of this motion is that the United States held him in continuous segregation and denied him access to the legal materials and assistance he needed to file this petition until August 2009.  (Sec. 2255 Mot. Vacate at 12.)   He also claims he suffers from a mental disease or defect which rendered him incompetent and brought him under the influence of mind altering psychotropic medications.  (Id.)  I now recommend that the court summarily dismiss this petition pursuant to Rule

Governing Section 2255 Proceedings 4(b) because it plainly appears from the face of the motion and the record of prior proceedings that Caldwell is not entitled to relief.[1]

## Discussion

Apparently Caldwell is attempting to argue that the one-year limitation period did not begin to run until August 2009 when the Bureau of Prisons removed him from segregation and placed him in the prison's Special Management Unit and the "impediment was removed."  The use of this particular language tracks the provision found at 28 U.S.C. § 2255(f)(2) which indicates that a 28 U.S.C. § 2255 movant has one year to file from:  "the date on which the impediment to making a motion created by governmental action <u>in violation of the Constitution or laws of the United States</u> is removed, if the movant was prevented from making a motion by such governmental action."   28 U.S.C. § 2255(f)(2) (emphasis added). <u>See</u>  <u>Sanders v. United States</u>, No. 4:03-CR-154, 2009 WL 2859044, 4 (N.D.Ohio Sept. 2, 2009) (unpublished) ("Subsection (f) (2) applies when an <u>unconstitutional</u> government action prevents the petitioner from filing the motion.").

Caldwell's theory appears to be that, because he was kept in continuous segregation and subjected to mind altering psychotropic drugs for a period of close to five years, his one-year period of limitation has only just now begun to run.  Caldwell's conclusory statements concerning his housing status and medications fall far short of meeting his § 2255(f)(2) burden. <u>See</u>, e.g.,  <u>Akins v. United States</u>, 204 F.3d 1086, 1090-91 (11th Cir. 2000); <u>Perry v. United States</u>, Civ. No. AW-08-3468, 2009 WL 1759603, 1 -3 (D. Md. June 18, 2009) (unpublished); <u>United States v. Wampler</u>, Civ. No. 1:08-80020, 2008 WL 565108, 2 (W.D. Va. Feb. 28, 2008)

---

[1] I make this recommendation cognizant of the fact that Caldwell will have an opportunity to respond before judgment enters.  I do not think that on the face of the pleading that his conclusory representations concerning the reasons why his motion is untimely justify requiring the United States to file an answer; if they were it would be all too simple for any 28 U.S.C. § 2255 movant to proceed with blatantly untimely motions without a credible factual basis for doing so.

(unpublished). I also note that three of the four 28 U.S.C. § 2255 grounds pressed by Caldwell are not based on facts or legal theories not in his reach at the time that his judgment became final. His assertion that he needed better access to legal property and materials to prepare the current § 2255 motion is not credible. As to the fourth ground, and Eighth Amendment claim concerning the conditions of his confinement in the Bureau of Prisons, this is not a cognizable 28 U.S.C. § 2255 claim pertaining to the constitutionality of his conviction and sentence by this Court.[2]

I recommend that this Court dismiss this motion pursuant to Rule Governing Sec. 2255 Proceedings 4(b) because it is untimely. I further recommend that a certificate of appealability should not issue in the event Caldwell files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 22, 2009

---

[2] Although Caldwell does not mention the concept of equitable tolling, I note that on the face of his motion Caldwell has not made a sufficient argument to warrant such relief. See Barreto-Barreto v. United States, 551 F.3d 95, 99 (1st Cir. 2008).

3