UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TREVIS CALDWELL,           )<br>                                              )<br>       PETITIONER           )<br>                                              )<br>v.                                         )<br>                                              )<br>UNITED STATES OF AMERICA, )<br>                                              )<br>       RESPONDENT           ) | CIVIL NO. 09-438-P-H<br>[CRIM NO. 02-41-P-H-01] |

ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

Upon *de novo* review, I **AFFIRM** the Magistrate Judge's Recommended Decision to dismiss Trevis Caldwell's motion to vacate his plea agreement, conviction, and sentence and to order an evidentiary hearing on competency. It appears plainly from the motion and the record of prior proceedings that Caldwell is not entitled to the relief he seeks.

I last sentenced Caldwell in July 2004 after a remand from the court of appeals to determine whether my earlier sentence should run consecutively to, or concurrently with, a state sentence. Caldwell filed this Section 2255 petition in September 2009. The Magistrate Judge correctly concluded, therefore, that Caldwell's petition is now time-barred by the one-year limit of 28 U.S.C. § 2255(f)(1). In his petition, Caldwell argued that he should be exempt from the one-year limit because, until August 2009, he had been subject to "continuous segregation" that denied him access to the legal materials he needed to file his

petition. Mot. Under 28 U.S.C. § 2255 at 12 (Docket Item 1). He also maintained that he has been incapacitated by "mental disease or defect" and "mind-altering psychotropic" drugs. Id. The Magistrate Judge found, however, that Caldwell had not adequately alleged facts to support these claims. See Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) ("[A] petition is subject to dismissal . . . if the grounds for relief either are not cognizable under section 2255 or amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact." (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).

In her Recommended Decision, the Magistrate Judge essentially invited Caldwell to give more detail, if he had any, why his petition should not be time-barred. Recommended Decision on 28 U.S.C. § 2255 Motion at 2 n.1 (Docket Item 2) (describing the petition at that time as offering only "conclusory representations concerning the reasons why his motion is untimely," but recognizing that Caldwell would have an opportunity to respond to her decision before judgment enters). Subsequently, Caldwell made new allegations in his Objection to the Magistrate Judge's Recommended Decision, but they have only confirmed the facial inadequacy of his petition.

To bolster his claim of mental incapacity, Caldwell now says that in his Presentence Report at the time of sentencing, the Probation Officer referred to a "record of a p[s]ychological eva[lu]ation . . . o[f] Mr. Caldwell. But the government could not locate it at that time. A recommendation at sentencing was for Mr. Caldwell [to] attend mental health cou[ns]eling. At this current time Mr. Caldwell is on p[s]ychological medication." Objection to U.S. Magistrate Judge Mot. to

Dismiss at 2 (Docket Item 3).  In fact, the Presentence Report makes clear that prior to sentencing Caldwell reported no significant history of mental health treatment.  Revised Presentence Investigation Report, Docket Nos. 2:02cr41-01 and 2:02cr65 (2002), ¶ 79, although Caldwell did tell the Probation Office that he "believed that mental health counseling could be helpful and requested psychological counseling."  Id.  Contrary to Caldwell's assertion, there is no missing psychological evaluation.  (Perhaps Caldwell is referring to the passing mention in ¶ 63 that in connection with a juvenile (age 16) adjudication in 1994 a psychological evaluation had been ordered.)  It is true that in the Judgment and Commitment, I ordered that after Caldwell served his prison time and was out on supervised release, he "participate in a program of mental health treatment," but only if the probation officer chose to direct it at the time.  Judgment as to Trevis Caldwell at 4, Dec. 16, 2002, Docket No. 2:02cr41.  That is a relatively common condition of supervised release and hardly suggests mental incapacity.  In sum, the Presentence Report made no suggestion of mental illness, and it provides no grounds for excusing Caldwell's late filing.

Caldwell also says that at arraignment he instructed his lawyer to request a competency evaluation and that there was a chambers meeting with the Magistrate Judge where the request was denied.  Objection at 2-3.  The docket does support the assertion that the Magistrate Judge met with counsel concerning competency and that no order for evaluation issued.  Conference of Counsel Held re: Def.'s Competency, United States v. Caldwell, No. 2:02cr41 (May 2, 2002).  Thereafter, however, Caldwell decided to plead guilty, and I conducted a Rule 11

3

hearing where I thoroughly explored whether Caldwell understood what he was doing. Change of Plea Hr'g, <u>United States v. Caldwell</u>, No. 2:02cr41 (June 19, 2002). Likewise at his sentencing, as is my practice at every sentencing, I inquired whether he had recently used any drugs or alcohol or whether he was taking any medications. Sentencing Hr'g Tr. 3:21-4:1, Nov. 26, 2002. I also satisfied myself that he understood what the sentencing issues were. <u>Id</u>. 4:2-19. At sentencing, Caldwell availed himself of the opportunity to apologize to the victims of his crimes as well as to ask me for leniency. <u>Id</u>. 51:5-52:9. He spoke articulately and intelligently and demonstrated a clear understanding of the stakes of the proceeding. <u>Id</u>.[1] Nothing in the record of prior proceedings supports Caldwell's assertion that he was then incompetent or that his mental condition somehow prevented him from pursuing his right to seek appellate or collateral relief.

Instead, the record demonstrates that Caldwell knew of his need to pursue his rights, for he asserts that his lawyer misled him by making him believe that an appeal or a 2255 petition *had* been filed on his behalf, Objection at 3, and

---

[1] "May I address the victims, Your Honor? . . . I want to apologize for my conduct, it was wrong, and if I could take it back, I would in a heartbeat. I can't imagine the fear that you all felt. And I—if I could take it back, I would. I am very sorry for what I've done. Also, Your Honor, I want to take full responsibility for what I did, it was wrong. And I've really made a mess of things, that's obvious, in my life. I've been in and out of jails. It is my second time standing in front of you, I'm sure you realize that. There's no excuse for it. I don't want to justify my actions by saying it was the drugs that made me do it, they were a contributing factor, Your Honor. But I want to lead a successful life just like everybody else, but unfortunately, I'm up here, right now, in my mind, I am dangerous. That's obvious to see. There's a lot of issues that I need to focus and fix on myself, about myself. But I'm not a lost cause, Your Honor. There is a lot of good in me. Just when I get to that—the person standing in front of you now is a completely different person when I'm on the drugs. I mean, I'm sure it's probably a story you've heard many a times. But there is good in me, Your Honor, I hope that maybe some day I'll get another chance and prove that. Thank you." Sentencing Hr'g Tr. 51:5-52:9, Nov. 26, 2002.

4

(contradictorily) that his lawyer had *refused* to file the appeal and had told him he could not appeal twice, Mot. at 8, 10. The docket reflects that, at the initial sentencing in 2002, Caldwell made clear to me in open court that he wanted to appeal his sentence. Continued Sentencing Hr'g Tr. 12:2-6, Dec. 11, 2002. At the second sentencing in 2004, the docket entry reflects that Caldwell was again notified of his right to appeal. Resentencing as to Trevis Caldwell, United States v. Caldwell, No. 2:02cr41 (July 6, 2004) (Docket Item 46). It is my established practice at sentencing to invite a defendant then and there to ask the clerk to file an appeal on his or her behalf. See, e.g., Continued Sentencing Hr'g Tr. 10:24-11:14, Dec. 11, 2002. The docket record shows that Caldwell did not avail himself of this opportunity at or after his resentencing in 2004. Caldwell's contradictory assertions, coupled with the docket record, make his claims of mental incapacity inherently incredible.

Finally, in his Objection Caldwell again refers broadly, as he did conclusorily in his original petition, to "continuous segregation," Objection at 4, but he has provided no basis for me to conclude that the circumstances of his custody prevented him from filing his petition on time. As with his claim of incapacity due to mental illness or medication, Mot. at 12, Caldwell provides no specifics regarding his segregation, e.g., who ordered it, why it was ordered, when it began, what its conditions were, where it took place, or when it ended. See David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) ("Who, what, when, where, and how details might have placed matters of ascertainable fact at issue."); see also, e.g., Robison v. Hinkle, 610 F. Supp. 2d 533, 543 (E.D. Va. 2009) (finding no

equitable tolling of Section 2254's time limits due to drug-induced incapacity where the petition included details of the drugs taken and possible side effects but did not specify which side effects were suffered, how they incapacitated the petitioner, or when the incapacitation occurred).

The petition is therefore properly dismissed under Rule Governing § 2255 Proceedings 4(b) because it is untimely and because its allegations concerning reasons for avoiding the time limit "state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

Accordingly, Caldwell's petition is **DISMISSED**.

A certificate of appealability will not issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 16TH DAY OF OCTOBER, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**